[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This Court has the requisite jurisdiction.
This is a twenty-six year marriage. The plaintiff is forty-five and the defendant is forty-six. They are both in good health. They married at an early age. Both of the parties are high school graduates. The parties have two daughters only one of whom is a minor, and who is age seventeen. The marriage, contrary to what the defendant claims, was never on a particularly strong footing. Both parties in the beginning had to struggle financially, but with very frugal management of their funds, achieved economic success. The plaintiff worked long hours, and the defendant, until approximately ten years ago, was a full-time mother who managed the home and took care of their two daughters. There is dispute as to whether or not plaintiff wanted her to work outside the home at the beginning of the marriage but, in any event, her major responsibility was the children. In 1993, defendant accused the plaintiff of having an affair with Patricia Gauthier, plaintiff's co-employee. Plaintiff claims she was just a friend from work and that they spent time together after work. Defendant knew Ms. Gauthier and the parties had socialized with her. Defendant suspected an affair but there was no hard facts elicited at trial to support a sexual liaison. Plaintiff did agree not to see her again. At trial, he gave no plausible explanation for the relationship. Subsequent to this, there was no intimacy between the parties because defendant wanted him tested for AIDS and wanted him to go for counseling. He refused both. In July of 1998, shortly after the parties' abrupt return from a vacation in Virginia, plaintiff testified that he became involved with another co-employee, Lisa Pokarak. He moved in with her at her parents' home about four months after the commencement of this action and acknowledges a live in, intimate relationship with her. Defendant testified that shortly before the parties CT Page 10860 went on the Virginia vacation, there were many calls to Lisa on his portable telephone bill. Plaintiff claims he knew Lisa since 1998, but did not become sexually intimate until after this action was commenced. Ferrucci v. Ferrucci, 11 Conn. App. 369,527 A.2d 1207 cert. denied, 205 Conn. 805 (1987) allows the Court to consider post separation sexual activity in making its determination of the cause of the breakdown of the marriage. The Court has given little weight to this factor in making its findings. Plaintiff's long term indifference in the defendant, coupled with his outside interests, resulted in the marriage breakdown.
The plaintiff has established a new life for himself. As a successful electrical technician, he has earned in excess of $50,000 per year with his bonus for some time. Defendant has been working as an orthodontic assistant for approximately ten and a half years on a part-time basis. When she will work full-time in this capacity, it is not likely that her gross income will exceed $25,000 per year.
The Court has considered all of the statutory criteria enumerated in § 46b-82 and § 46b-81 in making its determination of its orders in this matter.
 ORDERS
1. The marriage of the parties is dissolved on the grounds of irretrievable breakdown.
2. The parties shall retain joint custody of the minor child whose residence shall be with the defendant, and the plaintiff shall have reasonable rights of visitation.
3. The plaintiff shall pay to the defendant child support in the sum of $150 per week, payable until the child attains the age of eighteen years, but if still in high school, support shall continue through high school graduation, but not beyond the age of nineteen years.
4. The plaintiff shall maintain health insurance for the minor child, said coverage to continue during the same period as the child support payment. The parties shall share the payment of any unreimbursed medical or dental expenses incurred by the child with the defendant paying 50 percent and the plaintiff paying 50 percent. CT Page 10861
5. Plaintiff shall cooperate with and furnish to the defendant all of the necessary information and documentation to obtain medical insurance coverage pursuant to COBRA. Defendant shall be responsible for the cost of her own medical insurance coverage.
6. Plaintiff has life insurance totaling $99,000. He shall designate the defendant as the beneficiary of the same until his obligation to pay alimony and child support have terminated.
7. Plaintiff shall pay to the defendant as alimony the sum of $150 per week payable for ten years until the death of either party or the defendant's remarriage. Alimony shall not be modified as to term.
8. The parties are the joint owners of real estate located at 37 Woodview Drive, Brookfield, Connecticut. Its value is $173,000 and is encumbered by two mortgages totaling approximately $145,000. The plaintiff shall transfer his interest in the property to the defendant, and the defendant shall assume and be responsible for the two mortgages thereon.
9. The plaintiff has a 401K and an IRA plan, and the defendant has a pension plan. The plans shall be totaled as of the date of the dissolution, shall be equally divided between the parties, and whatever qualified domestic relations orders are necessary to accomplish this shall be effectuated. The parties shall share the cost of the preparation of the qualified domestic relations orders, and the Court shall retain jurisdiction over the implementation of the qualified domestic relations order.
10. The parties now jointly own 1100 shares of Microsoft having a value of approximately $87 per share. The Microsoft stock shall be divided equally between the parties. In addition thereto, defendant shall be entitled to sufficient additional Microsoft stock to equal $10,000 which shall be considered partial recompense for defendant's inheritance used by the parties, as well as sums used by plaintiff from the proceeds of the $43,000 home equity loan.
11. Plaintiff shall retain his Harley-Davidson motorcycle.
12. Plaintiff shall retain his credit union account, as well as his savings and checking account totaling approximately $6000. CT Page 10862
13. Plaintiff shall be responsible for all liabilities set forth in Schedule 3 of his Financial Affidavit dated August 3, 1999.
14. Defendant shall retain all contents of the marital residence.
15. Plaintiff shall be permitted to claim the minor child on his federal and state income tax returns as permitted by law.
16. Each party shall be responsible for their respective attorney's fees.
Owens, J.